FOR THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESSE EDWARDS | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |

## DEFENDANT'S NOTICE OF REMOVAL

WAL-MART STORES TEXAS, LLC ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I.   INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 101st District Court of Dallas County, Texas, where this matter was pending under Cause No. DC-22-07218, and styled *Esse Edwards v. Wal-Mart Stores Texas, LLC.* (the "State Court Action"). Defendant hereby files this Notice of Removal.

### II.   NATURE OF THE SUIT

2. This is a personal injury case where Plaintiff alleges she slipped and fell on a wet substance at one of Defendant's retail stores. Plaintiff, in her initial state court petition, asserts claims of general negligence, and negligent hiring, training, and supervision, and negligence under a premises liability theory. Plaintiff seeks monetary relief "in excess of $75,000 or less." *Plaintiff's Original Petition*, p. 2.

### III.   TIMELINESS OF REMOVAL

3. Plaintiff commenced this lawsuit by filing her Original Petition on June 29, 2022. Defendant was served with the Original Petition on or about July 14, 2022, through the registered agent for Defendant. Defendant hereby files its Notice of Removal. Defendant's removal is timely

because it is filed within thirty days after the Defendant was served via a registered agent. 28 U.S.C. § 1446.

## IV. BASIS FOR REMOVAL JURISDICTION

4. Removal is proper under 28 U.S.C. §§ 1441 and 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

5. Plaintiff is a citizen of Texas as evidenced by her admission that she resides in the State of Texas. *See Plaintiff's Original Petition,* pp. 1, 2.

6. Plaintiff sued Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC, is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. Wal-Mart Real Estate Business Trust is the sole owner of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole owner of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East LP is a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the state of Arkansas with its principal place of business in Arkansas. Wal-Mart Stores, Inc. is the sole owner of Wal-Mart Stores East, LLC. Wal-

Mart Stores, Inc. is a Delaware Corporation with its principal place of business in Arkansas. Defendant Wal-Mart Stores Texas, LLC, is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas.

7.     Accordingly, for diversity purposes, Defendant Wal-Mart Stores Texas, LLC., is a citizen of Delaware and Arkansas.

8.     Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Wal-Mart Stores Texas, LLC., pursuant to 28 U.S.C. § 1332.

9.     Plaintiff seeks monetary relief "in excess of $75,000 or less." *Plaintiff's Original Petition*, p. 2. Regardless of Plaintiff's claims for damages, she fails to include a stipulation or affidavit stating she seeks $75,00 or less. The face of the plaintiff's pleading will not control if made in bad faith. The inquiry regarding removal to federal court does not end merely because the plaintiff alleges damages potentially below the threshold. Plaintiff can only end that inquiry by showing, with legal certainty, that her recovery will not exceed that amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). To meet this obligation, plaintiff can cite a statute that limits her recovery accordingly or they can file a binding stipulation or affidavit regarding those damages with the complaint. *Id*. Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000 to avoid removal. Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because "[s]uch manipulation is surely characterized as bad faith." *Garcia v. Kellogg USA, Inc*., No. 7:13- CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D . Tex. Aug. 21, 2014) (holding that plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the

Texas rules governing pleading requirements so as to avoid federal jurisdiction."). Based on all information currently known by or available to Defendant, Plaintiff's pleadings admit that the amount in controversy exceeds the jurisdictional minimum for removal to this Court.

### V.    THIS NOTICE IS PROCEDURALLY CORRECT

10. Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant Wal-Mart Stores Texas, LLC., in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs as specifically plead in the Petition.

11. Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1(a)(4) as follows:

   A.   Index of all documents that clearly identifies each document and indicates the date the documents was filed in state court;

   B.   A copy of the docket sheet in the State Court Action; and

   C.   Each document filed in the State Court Action.

12. Defendant is also filing with the Notice of Removal a completed Civil Cover Sheet, Supplemental Civil Cover Sheet, and Certificate of Interested Persons.

13. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

14. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 101st Judicial District Court of Dallas County, Texas, where this matter is pending under Cause No. DC-22-07218.

### VI. JURY TRIAL

15. A jury trial has been demanded in the State Court Action by Defendant. Trial has not commenced in the 101st Judicial District Court of Dallas County, Texas.

### VII. CONCLUSION

16. Since diversity jurisdiction exists over Plaintiff's claim as set forth herein, Defendant desires and is entitled to remove the lawsuit filed in the 101st District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Wal-Mart Stores Texas, LLC., pursuant to and in conformance with the statutory requirements, remove this action from the 101st District Court of Dallas County, Texas, to this Court.

Respectfully submitted,

By: /s/ Steven Moses
**STEVEN J. MOSES**
Texas Bar No. 24056014
smoses@cowlesthompson.com
(214) 672-2130
(214) 672-2330 (Fax)

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via electronic mail on this 9th day of August, 2022, pursuant to the Texas Rules of Civil Procedure.

*/s/ Steven Moses*
**STEVEN J. MOSES**