FILED
6/29/2022 12:01 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Gay Lane DEPUTY

1 CIT/ ES/ JURY

DC-22-07218

CAUSE NO. _____

| | | |
|---|---|---|
| **ESSE EDWARDS** | § | **IN THE DISTRICT COURT** |
| Plaintiff, | § | |
| | § | |
| v. | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | 101st |
| Defendants. | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, ESSE EDWARDS (hereinafter referred to as "Plaintiff") complaining of and about WAL-MART STORES TEXAS, LLC (hereinafter referred to as "Defendant"), and for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY LEVEL

1.1   Plaintiff intends to conduct discovery pursuant to Level 3 as defined in the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.1   Plaintiff ESSE EDWARDS is an individual who resides in Tarrant County, Texas. Her social security number is unknown and her drivers license number is unknown.

2.2   Defendant WAL-MART STORES TEXAS, LLC, is a foreign limited liability company doing business in Texas and may be served with process through its registered agent, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.
## VENUE & JURISDICTION

3.1 Venue properly lies in Dallas County, Texas, under § 15.001 of the Tex. Civ. Prac. & Rem. Code, as it is where all or a substantial part of the events giving rise to this claim occurred and where Plaintiff resides, and jurisdiction is proper in this Court because the amount in controversy exceeds the minimum jurisdictional limits of the Court. Plaintiff seeks monetary relief in excess of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorney fees.

## IV.
## FACTS

4.1 At all relevant times, Defendant Walmart Texas Stores, LLC ("Walmart Texas") was a foreign corporation and subsidiary of Walmart, Inc., a well-known nationwide chain of discount retail stores.

4.2 Walmart Texas operates over 500 retail locations throughout Texas, including the Walmart Supercenter (*Store Number 880*) located at 4100 West Airport Freeway, Irving, Texas 75062 (the "Irving Walmart" and/or "Premises").

4.3 On multiple instances since it had opened, Plaintiff had been welcomed to the Irving Walmart to shop and, prior to that, many other Walmarts in Texas and other states, and was the near-constant recipient of marketing and advertising efforts and materials propagated by Walmart Texas and its parent and affiliate entities.

4.4 Accordingly, at all relevant times, Plaintiff was an invitee of Walmart Texas at all of its locations, including the Irving Walmart (*Store Number 880*).

4.5 Likewise, at all relevant times, Walmart Texas was the landowner and/or possessor of the Irving Walmart (*Store Number 880*).

4.6     On January 9, 2022, Plaintiff was shopping at that the Irving Wal-Mart (*Store Number 880*), specifically in the check-out line.

4.7     Unbeknownst to Plaintiff, there was a substance directly in her path of egress, causing her to violently fall into the splits, when she proceeds to grab her cart.

4.8     The substance was not consistent in height, angle, texture, or consistency with the surrounding surface.

4.9     When Plaintiff encountered the substance, it caused her to violently fall. There were no warning signs, nor was Plaintiff verbally warned of the inherent danger on such aisle.

4.10    This hard fall caused immediate physical effects to Plaintiff.

4.11    The wet spot in the floor created a dangerous condition posing an unreasonable risk of harm to Plaintiff and other patrons.

4.12    Defendants were aware of the dangerous condition or in the exercise of reasonable care should have known of the dangerous conditions.

4.13    Despite such knowledge, Defendants took no steps to repair the dangerous condition or warn Plaintiff or other patrons of the dangerous conditions.

4.14    The presence of the dangerous condition combined with Defendants' failure to correct or warn of the dangerous condition are the actual and proximate cause of Plaintiff's fall.

4.15    Through the actions of the Walmart employees, Defendants were in breach of their respective duties of care owed to Plaintiff at the time of the subject incident.

4.16    As result of these negligent actions of Defendants, Plaintiff has incurred physical, injury, pain and suffering, and emotional distress, and has received medical treatment, and will likely require medical treatment in the future.

## V.
## LIABILITY OF DEFENDANTS
## NEGLIGENCE CAUSES OF ACTION

5.1     Plaintiff hereby incorporates the contents of paragraphs 4.1 to 4.16 above as if fully set forth herein verbatim.

<u>ORDINARY NEGLIGENCE</u>

5.2     Defendants were negligent on the occasion in question by:

(a)     causing and/or creating dangerous conditions described above to exist;

(b)     allowing the dangerous conditions to remain without alerting patrons of the dangerous conditions;

(c)     failing to restrict access to the dangerous condition; and

(d)     failing to place a barrier or warning sign in the area of the condition.

5.3     Plaintiff further alleges that, upon the occasion in question, Defendants failed to use ordinary care by various acts and omissions in at least the following ways:

(a)     failing to exercise ordinary care in maintaining the Premises in a reasonably safe condition;

(b)     failing to exercise reasonable care to reduce or limit the risk to others, such as Plaintiff;

(c)     failing to warn others, such as Plaintiff, of the unreasonably dangerous condition;

(d)     creating and causing an unreasonably dangerous condition to exist on the Premises;

(e)     failing to secure the dangerous area in order to prevent others from walking through the area where the unreasonably dangerous condition existed; and

(f)     failure to recognize and correct a dangerous condition.

5.4     Plaintiff further alleges that, upon the occasion in question, Defendants failed to use ordinary care and through the doctrine of respondent superior, in that Defendants employees failed

to exercise ordinary care in the warning to patrons of the liquid in the floor and/or advising of safety precautions.

## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

5.5     At all relevant times, Defendants owed a duty to Plaintiff, and others similarly situated, to hire only employees qualified for the positions for which they are hired, and to exercise ordinary care in the training and supervision of its employees.

5.6     At the time of the subject incident, Defendants were in breach of this duty of care when they failed to exercise ordinary care hire adequately trained employees, failed to exercise ordinary care in training the employees in the proper safety precautions, and failed to exercise ordinary care in supervising the employees given their absence of qualifications and training.

5.7     These failures led the creation of the dangerous condition, the failure to correct the dangerous condition, and the failure to warn of the dangerous condition.

## PREMISES LIABILITY

5.8     Defendants, at the time of the incident complained of herein, owned, possessed and/or maintained control of the Premises and, as such, owed to Plaintiff a non-delegable duty to maintain the Premises in a safe condition. Defendants, as the owners and/or possessors of the Premises, knew or should have known of the unreasonably dangerous condition, namely the liquid in the floor, and Defendants neither corrected nor warned Plaintiff of the unreasonably dangerous condition.

5.9     Moreover, the liquid in the floor created a dangerous condition that Defendants could and should have easily recognized, and then taken proper action to protect Plaintiff and other patrons.

5.10   Defendants creation of the dangerous condition, failure to correct the condition and/or failure to warn Plaintiff of the condition, constitutes negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

## VI.
## PROXIMATE CAUSE

6.1   Plaintiff hereby incorporates the contents of all of the foregoing as if fully set forth herein verbatim.

6.2   Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages sustained by Plaintiff and which are further set forth below.

## VII.
## DAMAGES FOR PLAINTIFF

7.1   Plaintiff hereby incorporates the contents of all of the foregoing paragraphs, as if fully set forth herein verbatim.

7.2   As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts described herein, Plaintiff suffered serious injuries and sustained the following damages, the dollar value of which exceeds the minimal jurisdictional limits of this Court:

    (a)   the reasonable expenses for necessary medical and hospital care which she has received for treatment of her injuries;

    (b)   the reasonable expenses for necessary medical and hospital care which she will, in reasonable probability, require for the future treatment of her injuries;

    (c)   actual lost wages;

    (d)   loss of earning capacity;

    (e)   loss of earning capacity which, in reasonable probability, Plaintiff will suffer in the future;

    (f)   physical pain and mental anguish suffered in the past;

(g) physical pain and mental anguish which, in reasonable probability, she will suffer in the future;

(h) disfigurement in the past; and

(i) disfigurement in the future.

## VIII.
## MISNOMER, ALTER-EGO and ASSUMED NAME

8.1  In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties' names herein. Plaintiff relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, *et seq.*, and Rule 28 of the Texas Rules of Civil Procedure in order to properly identify the Defendants herein.

## IX.
## RESPONDEAT SUPERIOR

9.1  Whenever in this Petition is alleged that Defendant did or failed to do any particular act and/or omission, it is meant that Defendant, acting individually, or by and through agents, officers, servants, employees, and/or statutory employees either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendant, and in the furtherance of Defendants' business.

## X.
## JURY TRIAL

10.1  Plaintiff respectfully requests a trial by jury in this cause.

## XI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, ESSE EDWARDS, prays that Defendants, WAL-MART STORES TEXAS, LLC be duly cited to appear and answer herein; and that upon final trial of this cause, Plaintiff recover:

1. judgment against Defendant for Plaintiff's damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

2. interest on said judgment at the maximum legal rate allowed by law from the date of such judgment;

3. prejudgment interest at the maximum rate allowed by law;

4. costs of court; and

5. such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted:

**VICE & HENLEY, PLLC**

By: _____

DALE H. HENLEY
State Bar No. 24048148
dhenley@vicehenleylaw.com
J. SCOTT DILBECK
State Bar No. 24091123
sdilbeck@vicehenleylaw.com

5368 State Hwy. 276
Royse City, Texas 75189
(469) 402-0450
(469) 402-0461 (Facsimile)

**ATTORNEYS FOR PLAINTIFF
ESSE EDWARDS**